JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

JAMES C. MANN (CABN 221603)
Assistant United States Attorney

   1301 Clay Street, Suite 340-S
   Oakland, California 94612
   Telephone:  (510) 637-3705
   Facsimile:   (510) 637-3724
   E-Mail:     James.C.Mann@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ALONZO RAY TURNER,<br><br>    Defendant. | No. CR-07-0810 CW<br><br>**GOVERNMENT'S APPEAL OF PRE-SENTENCING RELEASE ORDER FOR DEFENDANT ALONZO RAY TURNER**<br><br>Date:<br>Time:<br>Court:   Hon. Claudia Wilken |

## INTRODUCTION

The government files this appeal of Magistrate Judge Wayne D. Brazil's Order granting two days of pre-sentencing release to Defendant Alonzo Ray Turner. On March 12, 2008, Defendant pleaded guilty to a single count indictment alleging one violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm. Because he has pleaded guilty, in order to be released pending imposition of a sentence, Defendant must prove by clear and convincing evidence that he is not likely to flee or pose a danger to the community. As explained below, Defendant is unable to sustain this burden and should be detained pending sentencing because:

- In the instant case, Defendant was carrying a loaded .357 caliber handgun on the front bench seat of his car as he led police on a high speed chase through a residential neighborhood in Oakland;
- The instant offense is Defendant's fourth firearms-related conviction;
- Defendant has failed to appear for court appearances on eleven occasions;
- Defendant's probation has been revoked on five occasions; and
- While out on bail in a recent state court proceeding, Defendant was arrested selling marijuana in San Francisco on December 25, 2007.

Based upon these facts, and as more fully discussed below, Defendant's request for pre-trial release was denied on January 10, 2008. Following his guilty plea, other than the recent birth of his child, Defendant has offered no new facts sufficient to establish by clear and convincing evidence that he is neither a danger to the community nor a flight risk. Defendant must therefore remain detained pending sentencing.

## FACTUAL BACKGROUND

### A. Incident Leading To Defendant's Arrest.

On August 24, 2007 at approximately 1:00 a.m., California Highway Patrol officers stopped Defendant's car after noticing that Defendant was swerving in and out of his lane on Interstate 580. (See Exhibit A, California Highway Patrol Arrest - Investigation Report, at p. ART 0003.) Defendant exited the freeway and pulled over as requested by the officers. (Id.) As the officers approached Defendant's car, however, Defendant made eye contact with one officer and then sped away. (Id.) A high-speed chase ensued, during which Defendant flagrantly exceeded the speed limit, driving at speeds between 50 and 65 miles per hour on residential streets, and ran several stop signs. (Id.) Defendant then left the car in the middle of an intersection and fled on foot. (Id.) He was not apprehended at the scene. (Id.)

In the car Defendant had abandoned in the intersection, officers discovered a Glock .357 handgun with one round of ammunition in the chamber and 12 rounds in the 13-round magazine. (Id.) The gun was on the driver's side of the bench seat, indicating that it had possibly been

under Defendant's right leg while he was driving, with the grip on the right-hand side to be accessible by Defendant's right hand. (Id.)

Defendant was later charged in Alameda County for unlawfully possessing the firearm in this case. He was arraigned in Alameda County on December 3, 2007 and was then released on bail. In the interim, a federal grand jury indicted Defendant in the instant case on December 20, 2007. While still out on bail in the criminal matter pending in Alameda County, Defendant was arrested on December 25, 2007 for selling marijuana in San Francisco. (See Exhibit B, San Francisco Police Department Incident Report.) Defendant was not charged with selling marijuana, but he was detained on the federal arrest warrant in the instant case. (Id.) Defendant has been in custody since his arrest on December 25, 2007.

**B.      Detention Hearing And Two-Day Release Order.**

On January 3, 2008 and January 10, 2008, Defendant appeared for pre-trial detention hearings before the Honorable Wayne D. Brazil. Pre-Trial Services recommended that Defendant be detained, and the government moved for detention based on the fact that Defendant is a danger to the community and a flight risk. Defendant requested release. Among other things, Defendant proffered that his father could post property in which his father had approximately $200,000 in equity. (See Exhibit C, Minute Order dated January 3, 2008, and Exhibit D, Minute Order dated January 8, 2008.) Magistrate Brazil denied Defendant's request for pre-trial release and ordered Defendant detained. The Minute Order reflects the following:

> Based on deft's criminal history, his relentless pattern of being involved in guns and his recent crim. activity of dealing drugs, the Court concluded that there are no conditions that could be imposed on deft's pretrial release that would provide reasonable assurance of the safety of the community. (Exhibit D.)

Following his plea of guilty, on March 19, 2008, Defendant requested a further detention hearing, seeking to be released for a short period of time to bond with his newborn child and to support his fiancee. The government continued to move for detention based upon the same facts proffered at Defendant's original detention hearings, as well as that Defendant had since pleaded guilty. Magistrate Brazil granted Defendant's request for release and allowed Defendant to be released to the custody of his father for two days following the posting of an unsecured $200,000

bond signed by Defendant's father and friend.  Pursuant to Magistrate Brazil's Order, Defendant is to be released from custody (assuming he passes a drug test on the date of his release) for two weekdays to spend time with his fiancee and newborn child; Defendant is to remain at his father's house in Tracy, California, for the two days he is out of custody and then to self-surrender.

## ARGUMENT

### A.   Standard Of Review Is De Novo.

"[A] district court's review of a magistrate's detention order is to be conducted without deference to the magistrate's factual findings." United States v. Koenig, 912 F.2d 1190, 1192 (9th Cir. 1990).

### B.   Defendant Must Prove That He Is Not A Danger Or A Flight Risk.

Detention is appropriate where a defendant is either a danger to the community or a flight risk. United States v. Motamedi, 767 F.2d 1403, 1406 (9th Cir. 1985).  For pre-trial detention, the government bears the burden of demonstrating either (1) by clear and convincing evidence, that a defendant is a danger to the community, or (2) by a preponderance of the evidence, that a defendant is a flight risk.  18 U.S.C. § 3142(f); Motamedi, 767 F.2d at 1406.  A defendant who has already been found guilty of an offense, however, shall be detained unless the defendant proves by clear and convincing evidence that the defendant is not a flight risk nor a danger to the community.  18 U.S.C. § 3143(a).  Thus, in the instant case, Defendant bears the burden of proving by clear and convincing evidence that he is neither a danger to the community nor a flight risk.

### C.   Defendant Has Not Sustained His Burden.

Defendant has presented no facts sufficient to sustain his burden in this case.  Magistrate Brazil refused to release Defendant before trial, finding that he posed a danger to the community such that no conditions of release could provide reasonable assurance of the safety of the community.  (See Exhibit D.)  Following his guilty plea, which shifted the burden in a detention context from the government to Defendant, Defendant has offered no new facts to sustain the burden to prove now that he is not a danger to the community.

Indeed, Defendant has proffered only that two individuals, his father and a friend, are willing to sign a $200,000 unsecured bond and that Defendant's father will agree to act as Defendant's custodian during his release. This condition is insufficient to carry Defendant's burden. With respect to Defendant's friend, it appears that she was not interviewed by Pre-Trial Services at the time of Defendant's original pre-trial detention hearings. Thus, the Pre-Trial Services Report contains no information, and the government has none, regarding her relation to Defendant, her own employment, assets or ability to satisfy a $200,000 judgment, or her background. With respect to Defendant's father, according to the Pre-Trial Services Report, he has approximately $80,000 of equity in property located in Tracy, California. (Magistrate Brazil, however, did not require this property to be posted as security for Defendant's release. Additionally, and as Magistrate Brazil noted, Defendant's father has previously sustained two serious felony convictions - one conviction for bank robbery and one conviction for manslaughter, both of which occurred in the 1980s.

Therefore, the conditions of release proposed by Defendant are not sufficient to satisfy his burden of proving by clear and convincing evidence that he is neither a danger to the community, nor a flight risk.

### D. Statutory Factors Requiring Detention.

The statutory factors contained in 18 U.S.C. § 3142(g) establish that Defendant is a danger and a flight risk and should be detained pending sentencing.

#### 1. Nature and circumstances of the offense charged (18 U.S.C. § 3142(g)(1)).

As described above, Defendant was carrying a loaded handgun, with a round of ammunition in the chamber, on the bench seat of his car while driving on the highway at 1:00 a.m. (See Exhibit A.) Additionally, when officers attempted to stop Defendant for a traffic violation, Defendant led officers on a high speed chase through the residential streets of Oakland and then fled the scene on foot. (Id.) Thus, the conduct at issue in the instant case alone is serious and poses a danger to the community.

////

**2.    Weight of the evidence against Defendant (18 U.S.C. § 3142(g)(2)).**

Defendant has pleaded guilty and admitted to the conduct at issue. This factor, therefore, weighs in favor of detention.

**3.    Defendant's history and characteristics (18 U.S.C. § 3142(g)(3)).**

Defendant's conduct in the instant case demonstrates a pattern of behavior. As mentioned previously, the instant offense is Defendant's fourth firearms-related conviction. Apart from the instant offense, he has twice been convicted of carrying a concealed weapon in violation of California Penal Code § 12025(a) in 1993, and on a third occasion in 1996, he was convicted of carrying a firearm after previously being convicted of a felony in violation of California Penal Code § 12021(a).

In addition to his firearms-related convictions Defendant has sustained one conviction for evading police in 1993 - conduct in which Defendant also engaged during the instant offense - and one conviction for possession of marijuana in 2003 - conduct in which Defendant also recently engaged while on bond in a pending state court action.

Furthermore, according to Defendant's Alameda County Criminal Events rap sheet, he has failed to appear for court appearances on 11 occasions, three times on a prior firearms case and three times on a prior evading case. Defendant's probation has also been revoked on five occasions, two times on a prior firearms case and one time on a prior evading case. Given this history, the conditions of release proposed by Defendant are not sufficient to prove by clear and convincing evidence that Defendant is not a flight risk.

**4.    Defendant poses a serious danger to the community if released.**

As discussed above, Defendant must prove by clear and convincing evidence that he is not a danger to the community. Given Defendant's conduct in the instant offense and Defendant's criminal history, Defendant has provided no facts sufficient to sustain this burden.

## CONCLUSION

For these reasons, the government respectfully requests that this Court find that Defendant has failed to prove by clear and convincing evidence that he is neither a danger to the

1  community, nor a flight risk.  Therefore, the government respectfully requests that Defendant
2  remain detained pending sentencing.
3
4  DATED: March 20, 2008                    Respectfully submitted,
5                                           JOSEPH P. RUSSONIELLO
                                             United States Attorney
6
7                                                     /s/
                                             JAMES C. MANN
8                                            Assistant United States Attorney