BARRY J. PORTMAN
Federal Public Defender
JEROME E. MATTHEWS
Assistant Federal Public Defender
555 - 12th Street
Suite 650
Oakland, CA 94607-3627
Telephone: (510) 637-3500

Counsel for Defendant ALONZO TURNER

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-07 00810 CW |
| Plaintiff, | ALONZO TURNER'S SENTENCING MEMORANDUM |
| vs. | Date: June 11, 2008 |
| ALONZO TURNER, | Time: 2:00 p.m. |
| Defendant. | |

**1. Preliminary Statement**

Alonzo Turner has never contested any aspect of the government's case against him. From its inception, Mr. Turner indicated that he wished to accept responsibility for his conduct and on March 12, 2008, he pleaded guilty to a single count indictment charging him with being a felon in possession of a firearm.

The probation officer has authored a thoughtful report, the majority of which Mr. Turner agrees with. Although the plea agreement permits Mr. Turner to argue that his offense level should not be increased by two levels for reckless endangerment under USSG § 3C1.2, controlling precedent suggests that he cannot sustain the argument. Mr. Turner therefore withdraws his objection to the enhancement and asks that the Court impose a sentence of

eighteen months.

## 2. Background

Alonzo Turner was born thirty-seven years ago in Tracy, California. Because his father had cycled in and out of prison, and his mother was unable to care for him, Mr. Turner was raised by his maternal grandmother. While he describes this period as "the best time of my life," PSR ¶ 45, there is an elegiac quality to this observation that makes one wonder what transpired during the remainder.

Although his father, George Turner, was not present during his childhood, Mr. Turner has tried to establish closer contacts with his family during the past ten years. George Turner has been a model of rehabilitation since his release from prison nearly twenty years ago, having nearly completed his undergraduate degree and established an inmate re-entry services facility in San Francisco, with close connections to the San Francisco Police and Sheriff Departments as well as the California Department of Corrections. Should Mr. Turner continue his efforts to reach out to his father and family, it augurs well for his future.

## 3. Pre-Sentence Report

As stated above, Mr. Turner withdraws his objection to the § 3C1.2 enhancement for reckless endangerment. The Court should note, however, that the chase occurred at 1:00 a.m. in the morning and nothing in the police report or the dispatch tapes – both of which defense counsel has scrutinized – demonstrates that Mr. Turner encountered traffic or pedestrians, or otherwise endangered the lives of actual persons.

## 4. Sentencing Recommendation

*United States v. Booker*, 543 U.S. 220 (2005), directs the sentencing court to impose an appropriate sentence, unencumbered by offense levels, criminal history, or the availability of authorized downward departures. Under the post-*Booker* discretionary sentencing regime, there is no longer any question that the advisory Guideline range is only one factor among several that this Court is required to consider in determining what constitutes a reasonable sentence. The

1  Court is free to disagree with Guideline ranges and policy considerations. *See Kimbrough v.*
2  *United States*, 128 S.Ct. 558, 57 (2007). While circuit courts of appeal may apply a presumption
3  of reasonableness to sentences within the applicable Guidelines range, *Rita v. United States*, 127
4  S.Ct. 2456 (2007), the district court "does not enjoy the benefit of a legal presumption that the
5  Guidelines sentence should apply." *Id.* at 2465. Nor is it required to use a formulaic approach
6  yielding a mathematical justification of non-Guidelines sentences. *Gall v. United States*, 128
7  S.Ct. 586, 596 (2007). Rather, it must exercise "reasoned sentencing judgment, resting upon an
8  effort to filter the Guidelines' general advice through § 3553(a)'s list of factors." *Rita*, 127 S.Ct.
9  at 2469.
10      In sum, "th[e] mandatory system [embodied in § 3553(b)] is no longer an open choice."
11 *Booker*, 543 U.S. at 263. Instead, the district court's duty is to impose the least amount of time
12 necessary to achieve § 3553(a)'s purposes. The Guidelines range is subordinate to that duty.
13     In this case, the record fully supports a sentence of eighteen months: Mr. Turner is among
14 the lowest level offenders for a felon in possession charge – he has no prior crimes of violence or
15 scoreable adult controlled substance convictions; although he once served a term in prison for
16 being a felon in possession of a firearm, his more recent convictions are less serious; and,
17 importantly, Mr. Turner has shown himself capable of rehabilitating himself by successfully
18 completing drug diversion. He also possesses the intelligence to succeed if applies himself; he
19 carried a 3.25 grade point average during high school and completed one semester of college. He
20 intends to return to college to study business administration upon his release.
21     These facts together confirm that the proposed sentence is consistent with the salient
22 factors under 18 U.S.C. §3553(a) – to provide just punishment, to create adequate deterrence, to
23 protect the public, and to provide the defendant with necessary treatment and training – and, on
24 this record, it is difficult to conjure any reason why justice would not be served by imposing
25 sentence in conformity with the plea agreement.
26

**5. Conclusion**

    For the reasons stated, Alonzo Turner respectfully requests that the Court sentence him to a term of eighteen months.

Dated: June 3, 2008

                                        Respectfully submitted,

                                        BARRY J. PORTMAN
                                        Federal Public Defender

                                                /S/

                                        JEROME E. MATTHEWS
                                        Assistant Federal Public Defender