JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

JAMES C. MANN (CABN 221603)
Assistant United States Attorney

   1301 Clay Street, Suite 340-S
   Oakland, California 94612
   Telephone: (510) 637-3705
   Facsimile: (510) 637-3724
   E-Mail: James.C.Mann@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR-07-0810 CW |
|    Plaintiff, ) | GOVERNMENT'S SENTENCING MEMORANDUM |
| v. ) | **Sentencing Date: June 11, 2008, 2:00 p.m., The Honorable Claudia Wilken** |
| ALONZO RAY TURNER, ) | |
|    Defendant. ) | |

     The United States of America requests that Defendant Alonzo Ray Turner be sentenced to 18 months imprisonment, the low end of the United States Sentencing Guidelines ("Guidelines") range, and three years of supervised release, consistent with the Plea Agreement and the recommendation of the United States Probation Office ("USPO").

**INTRODUCTION**

     After leading California Highway Patrol officers on a high speed car chase through a residential neighborhood in Oakland, California, while in possession of a loaded Glock .357 handgun, defendant pleaded guilty to single violation of 18 U.S.C. § 922(g) (felon in possession of a firearm). The parties and the USPO agree that the appropriate sentence in this matter is 18 months imprisonment.

**FACTUAL BACKGROUND**

The Presentence Investigation Report ("PSR") adequately sets forth the criminal activity. Consequently, the United States will not repeat the information in this section.

**ARGUMENT**

**I.    PURSUANT TO THE SENTENCING GUIDELINES, DEFENDANT SHOULD BE SENTENCED TO 18 MONTHS IMPRISONMENT AND THREE YEARS OF SUPERVISED RELEASE.**

The parties agree with the Guidelines calculations set forth in the PSR resulting in a total offense level of 13 and a criminal history category of III. PSR ¶¶ 25, 26-34. Pursuant to the Plea Agreement in this matter, the United States recommends a sentence of 18 months imprisonment.

**II.   APPLICATION OF THE FACTORS IN 18 U.S.C. § 3553(a) DEMONSTRATES THAT A SENTENCE OF 18 MONTHS IMPRISONMENT AND THREE YEARS OF SUPERVISED RELEASE IS REASONABLE.**

The Supreme Court recently noted that the "Guidelines . . . seek to embody the § 3553(a) considerations, both in principle and in practice." Rita v. United States, 127 S. Ct. 2456, 2464 (2007). These factors or considerations include the need for the sentence to promote respect for the law, afford adequate deterrence, and protect the public from further criminal conduct by the defendant. 18 U.S.C. § 3553(a).

Defendant's conduct in the instant case demonstrates a pattern of behavior. The instant offense is defendant's fourth firearms-related conviction. PSR ¶¶ 29-31. Apart from the instant offense, he was twice convicted of carrying a concealed weapon in violation of California Penal Code § 12025(a) in 1993, and on a third occasion in 1996, he was convicted of carrying a firearm after previously being convicted of a felony in violation of California Penal Code § 12021(a). Id. In addition, defendant sustained one conviction for evading police in 1993 - conduct in which he also engaged during the instant offense - and one conviction for possession of marijuana in 2003. Id. at ¶¶ 28, 32.

In light of the above, the sentence recommended by the parties and the USPO in the PSR achieves the sentencing goals set forth in 18 U.S.C. § 3553(a).

////

////

**CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court determine that defendant's Guidelines offense level is 13 and his criminal history category is III. The United States further respectfully requests that, taking into consideration the sentencing factors set forth in section 3553(a), the Court sentence defendant to the low-end of the applicable Guidelines range, namely, 18 months imprisonment, impose a three-year term of supervised release (under the terms and conditions recommended by the USPO), and order defendant to pay a $100 special assessment.

DATED: June 4, 2008                          Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney


              /s/
JAMES C. MANN
Assistant United States Attorney